IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ISIAH CLAYTON, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No.: 4:23-CV-04251 |
| § | |
| KERRVILLE BUS § | |
| COMPANY/COACH USA, § | |
| § | |
| Defendant. § | |

# DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Kerrville Bus Company, Inc. (an affiliate of Coach USA, and incorrectly named herein as "Kerrville Bus Company/Coach USA") ("**Kerrville**" or "**Defendant**"), by and through its undersigned counsel, hereby files the instant Answer and Affirmative Defenses to the Complaint of Plaintiff, Isiah Clayton ("**Plaintiff**"). Kerrville denies each and every allegation not specifically admitted herein.

## I.  NATURE OF CLAIMS

1.  Admitted in part; denied in part. It is admitted only that Plaintiff contends that "[t]his action is filed under Title VII of the Civil Rights Act of 1964 ("**Title VII**"), as amended." The remaining averments within Paragraph 1 of the Complaint state conclusions of law to which no response is required and, therefore,

1

are denied; to the extent they are deemed factual, they are denied. By way of further response, it is specifically denied that (i) Kerrville engaged in any "unlawful employment practices" toward Plaintiff, and that (ii) Plaintiff engaged in any "protected complaints," as alleged in Paragraph 1 of the Complaint.

2. Admitted in part; denied in part. It is admitted only that Plaintiff contends that "[t]his action is also brought under 42 U.S.C. § 1981 ("**Section 1981**")." The remaining averments within Paragraph 2 of the Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied. By way of further response, it is specifically denied that (i) Kerrville engaged in "discrimination on the basis of Plaintiff's race and retaliation due to his protected complaints" and that (ii) Plaintiff engaged in any "protected complaints," as alleged in Paragraph 2 of the Complaint.

3. Admitted in part, denied in part. It is admitted only that Plaintiff purports to "seek[] equitable relief, back and future pay, lost benefits, reinstatement, liquidated, compensatory and punitive damages." The remaining averments within Paragraph 3 of the Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied. By way of further response, it is specifically denied that (i) Kerrville engaged in any unlawful conduct toward Plaintiff, and that Plaintiff is entitled to any form of relief whatsoever.

## II.   JURISDICTION AND VENUE

4. Admitted in part; denied in part. It is admitted only that Plaintiff contends that this matter "arises under federal question." The remaining averments within Paragraph 4 of the Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied.

5. Admitted in part; denied in part. It is admitted only that: (i) Plaintiff contends that "[v]enue is proper in this district pursuant to 28 U.S.C. §§ 1331 and 1391 (b);" and (ii) Kerrville operates a business location in Houston, Texas. The remaining averments within Paragraph 5 of the Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied.

## III.   THE PARTIES

6. Admitted in part; denied in part. It is admitted only that: (i) Plaintiff is a former employee of Kerrville; and (ii) upon information and belief, Plaintiff identifies as "African American" and is a citizen of the United States. Kerrville is without knowledge or information sufficient to form a belief as to the truth of any

remaining averments within Paragraph 6 of the Complaint and, therefore, denies same.

7. Admitted in part; denied in part. It is admitted only that Coach USA, Inc. provides ground transportation throughout the United States. Any remaining averments within Paragraph 7 of the Complaint are denied.

8. Admitted in part; denied in part. It is admitted only that Kerrville: (i) is a wholly-owned subsidiary of Coach USA, Inc.; (ii) operates a business location in Harris County, Texas; and (iii) lists as its registered agent for service: CT Corporation System, 1999 Bryan St. Suite 900, Dallas, Texas 75201. The remaining averments in Paragraph 8 of the Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied.

9. Admitted in part; denied in part. It is admitted only that (i) Plaintiff was most recently employed by Kerrville at the address identified in Paragraph 9 of the Complaint, and (ii) one of the facilities at which Plaintiff performed work for Kerrville was located at 1800 Delano Street, Houston, Texas 77003 (the "**Houston Location**"). Any remaining averments within Paragraph 9 of the Complaint are denied.

10. Admitted in part; denied in part. The averments within Paragraph 10 of the Complaint state conclusions of law to which no response is required and,

therefore, are denied. To the extent they are deemed factual, Kerrville admits only that it employs fifteen (15) or more employees. Any remaining averments within Paragraph 10 of the Complaint are denied.

### IV.    CONDITIONS PRECEDENT

11.    Admitted in part; denied in part. It is admitted only that (i) Plaintiff filed a Charge of Discrimination against Kerrville with the United States Equal Employment Opportunity Commission (the "**EEOC**") on January 24, 2023 (EEOC Charge No. 460-2023-02586), and (ii) the EEOC ultimately issued a Notice of Right to Sue letter. The remaining averments within Paragraph 11 of the Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied.

### V.    BACKGROUND AND FACTS

12.    Kerrville re-alleges and incorporates by reference its responses to each of the allegations set forth above as if stated verbatim and in full herein.

13.    Denied.

14.    Denied.

15.    Denied.

16.    Denied.

17.    Denied.

18.    Denied.

19. Denied.

20. Denied.

21. Denied. The averments of Paragraph 21 of the Complaint purport to refer to the content of an email which speaks for itself and, therefore, the averments are denied. Any remaining averments within Paragraph 21 of the Complaint are denied.

22. Denied. The averments of Paragraph 22 of the Complaint purport to refer to the content of an email which speaks for itself and, therefore, the averments are denied. Any remaining averments within Paragraph 22 of the Complaint are denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied. The averments of Paragraph 28 of the Complaint purport to refer to the content of an email which speaks for itself and, therefore, the averments are denied. Any remaining averments within Paragraph 28 of the Complaint are denied.

29. Denied. The averments of Paragraph 29 of the Complaint purport to refer to the content of several emails which speak for themselves and, therefore, the averments are denied. Any remaining averments within Paragraph 29 of the Complaint are denied.

30. Denied.

## VI. FIRST CAUSE OF ACTION: TITLE VII DISCRIMINATION BASED ON RACE

31. Kerrville re-alleges and incorporates by reference its responses to each of the allegations set forth above as if stated verbatim and in full herein.

32. Admitted in part; denied in part. Upon information and belief, Plaintiff identifies as African American. Any remaining averments within Paragraph 32 of the Complaint state conclusions of law to which no response is required and, therefore, are denied.

33. Denied. The averments within Paragraph 33 of the Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied.

34. Denied. The averments within Paragraph 34 of the Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied.

35. Denied.

36. Denied. The averments within Paragraph 36 of the Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied.

37. Denied. The averments within Paragraph 37 of the Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied.

### VII.   SECOND CAUSE OF ACTION: §1981 RACIAL DISCRIMINATION

38. Kerrville re-alleges and incorporates by reference its responses to each of the allegations set forth above as if stated verbatim and in full herein.

39. Denied. The averments within Paragraph 39 of the Complaint state conclusions of law to which no response is required and, therefore are denied.

40. Denied. The averments within Paragraph 40 of the Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied.

41. Denied. The averments within Paragraph 41 of the Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied.

42. Denied. It is specifically denied that Kerrville engaged in any unlawful practices toward Plaintiff.

43. Denied.

44. Denied. The averments within Paragraph 44 of the Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied.

45. Denied. It is specifically denied that Kerrville engaged in any unlawful practices toward Plaintiff.

## VIII.  THIRD CAUSE OF ACTION; TITLE VII RETALIATION

46. Kerrville re-alleges and incorporates by reference its responses to each of the allegations set forth above as if stated verbatim and in full herein.

47. Denied. The averments in Paragraph 47 of the Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied.

48. Denied.

49. Denied. The averments in Paragraph 49 of the Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied.

## IX.  FOURTH CAUSE OF ACTION: SECTION 1981 RETALIATION

50. Kerrville re-alleges and incorporates by reference its responses to each of the allegations set forth above as if stated verbatim and in full herein.

51. Denied. The averments in Paragraph 51 of the Complaint state conclusions of law to which no response is required and, therefore, are denied; to the

extent they are deemed factual, they are denied. It is specifically denied that Kerrville engaged in any unlawful practices toward Plaintiff.

52. Denied.

53. Denied. The averments in Paragraph 53 of the Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied.

## X. DAMAGES

54. Denied. The averments in Paragraph 54 of the Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied. It is specifically denied that Plaintiff is entitled to any form of relief whatsoever.

55. Denied. It is specifically denied that Plaintiff is entitled to any form of relief whatsoever.

## XI. PUNITIVE DAMAGES

56. Denied. It is specifically denied that Kerrville engaged in any unlawful conduct toward Plaintiff, is otherwise liable to Plaintiff, or that Plaintiff is entitled to any form of relief whatsoever, including the imposition of punitive damages.

## XII. JURY DEMAND

57. Admitted in part; denied in part. It is admitted only that Plaintiff contends to "demand a jury on all issues to be tried in this matter." Kerrville denies

knowledge or information sufficient to form a belief as to any remaining averments in Paragraph 57 of the Complaint and, therefore, denies same.

### XIII.  PRAYER

58. Denied. The averments within Paragraph 58 of the Complaint and its subparagraphs (a) – (k) reflect a prayer for relief and state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied.  It is specifically denied that Plaintiff is entitled to any form of relief whatsoever.

To the extent that a further response is deemed necessary, Kerrville denies any and all liability, prays that Plaintiff's Complaint be dismissed with prejudice and that the Court enter judgment in Kerrville's favor on all Counts of the Complaint, that Kerrville be awarded its costs and expenses in defending this action, including attorneys' fees, and for such other relief as the Court deems just and proper.

### AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Kerrville asserts the following Affirmative Defenses to Plaintiff's Complaint without assuming the burden of proof of any issues as to which the burden of proof is on Plaintiff under applicable law:

## First Affirmative Defense

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## Second Affirmative Defense

Plaintiff's claims, or certain of them, are barred by the applicable statute of limitations.

## Third Affirmative Defense

Plaintiff is estopped and barred by Plaintiff's own conduct from requesting the relief set forth in the Complaint.

## Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches and waiver.

## Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to invoke or exhaust available complaint, investigation, dispute resolution, arbitration, appeal, protest, and/or other prerequisites to suit.

## Seventh Affirmative Defense

Kerrville has made good faith efforts to prevent discrimination and harassment in the workforce, and exercised reasonable care to prevent and correct promptly any unlawful behavior.

## Eighth Affirmative Defense

Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Kerrville to avoid harm or otherwise.

## Ninth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because any damages suffered by Plaintiff were the result of acts or omissions of parties over which Kerrville had no control or circumstances over which Kerrville had no control.

## Tenth Affirmative Defense

Any and all actions taken by Kerrville, if any, with respect to Plaintiff's employment or terms and conditions thereof, were based upon legitimate, non-discriminatory and non-retaliatory business reasons, were taken without regard to race or any purported engagement in protected activity, and were not pretextual.

## Eleventh Affirmative Defense

Plaintiff's claims and/or damages are barred on the grounds that, even if any decision concerning Plaintiff was based, in part, on grounds of unlawful

discrimination or retaliation, which is not the case, Kerrville would have reached the same decision, absent any alleged discrimination or retaliation.

### Twelfth Affirmative Defense

If Plaintiff suffered any of the injuries, losses, and damages alleged in the Complaint, then said injuries, losses, and damages were a direct and proximate result of Plaintiff's own negligence or contributory conduct.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred inasmuch as, if Plaintiff were to prevail in the above-captioned matter, Plaintiff would be unjustly enriched.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any damages as a result of any act or omission taken by Kerrville.

### Fifteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to the damages sought in the Complaint.

### Sixteenth Affirmative Defense

Plaintiff fails to allege facts sufficient to allow the recovery of punitive damages from Kerrville. Further, Plaintiff is not entitled to recover the punitive damages alleged in the Complaint because such an award would violate Kerrville's

rights under the Constitution of the United States of America and the Constitution of the State of Texas.

### Seventeenth Affirmative Defense

Plaintiff's damages, if any, are barred, in whole or in part, to the extent that Plaintiff failed to mitigate Plaintiff's damages.

### Eighteenth Affirmative Defense

Plaintiff's claims are baseless and without merit or legal foundation and, as a result, Kerrville is entitled to recover its reasonable attorneys' fees and costs incurred herein.

### Nineteenth Affirmative Defense

If any Kerrville employee engaged in any wrongful acts toward Plaintiff, said acts were outside the scope of the employee's employment with Kerrville and were independent, intervening, and unforeseeable acts that were not ratified, confirmed or approved by Kerrville and, therefore, cannot be attributed to or imputed to Kerrville.

### Twentieth Affirmative Defense

No penalty or liability under applicable law is appropriate because, at all relevant times, Kerrville did not willfully, knowingly, or intentionally fail to comply with any provision(s) of applicable law, but rather acted in good faith and had reasonable grounds for believing that it had not violated any provision(s) of applicable laws.

## **Reservation**

Kerrville hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery proceedings in this case and hereby reserves its right to amend its Answer, and/or to otherwise assert such defenses.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Kerrville denies all liability to Plaintiff and demands judgment in its favor, and against Plaintiff, together with interest, costs, attorneys' fees and such further relief as the Court deems just and proper.

Dated:  January 16, 2024	Respectfully Submitted,

/s/ *Grace M. Haidar*
Grace M. Haidar, Lead Attorney
K&L Gates LLP
609 Main Street, Suite 4150
Houston, Texas 7702
Tel.: (713) 815-7353
Fax: (713) 815-7301
Email: grace.haidar@klgates.com

-and-

David J. Garraux
(*pending pro hac admission)*
Cecilia Rose Ehresman
(*pending pro hac admission*)
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222-2613
Tel.: (412) 355-6580
Fax.: (412) 355-6501
Email: david.garraux@klgates.com
Email: cecilia.ehresman@klgates.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was electronically filed with the Court and served through the CM-ECF system to all counsel of record registered to receive a Notice of Electronic Filing for this case on the 16th day of January, 2024.

      TB ROBINSON LAW GROUP, PLLC
      Attn.: Terrence B. Robinson, Esq.
      Attn: Claudia Casas, Esq.
      7500 San Felipe St., Suite 800
      Houston, Texas 77063
      Email: TRobinson@TBRobinsonlaw.com
      Email: CCasas@TBRobinsonlaw.com

                */s/ Grace M. Haidar*
                Grace M. Haidar