IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ISIAH CLAYTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No.: 4:23-CV-04251 |
| vs. | § | |
| | § | |
| KERRVILLE BUS COMPANY/COACH USA, | § | JURY DEMANDED |
| | § | |
| | § | |
| Defendant. | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**

**1.** **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended and represented each party.**

The Rule 26(f) conference was held by videoconference on January 23, 2024. Terrance Robinson and Claudia Casas attended on behalf of the plaintiff, Isiah Clayton ("Plaintiff"). David Garraux, Cecilia Ehresman, and Grace Haidar attended on behalf of the defendant, Kerrville Bus Company, Inc. ("Defendant") (and collectively with Plaintiff, the "Parties").

**2.** **List the cases related to this one that are pending in any state or federal court with the case number and court.**

There are no cases related to this matter pending in any state or federal court at this time.

**3.** **Briefly describe what this case is about.**

This is an employment dispute in which Plaintiff brings causes of action against Defendant for race discrimination (African-American) and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981 ("Section 1981").

Defendant denies that it has, in any way, violated any applicable laws, including, but not limited to Title VII and Section 1981, and further denies that it committed any wrongdoing whatsoever as alleged in this matter.

**4.     Specify the allegation of federal jurisdiction.**

It is respectfully submitted that the Court has jurisdiction over Plaintiff's claims because the claims give rise to federal question jurisdiction under 28 USC § 1331.

**5.     Identify the parties who disagree and the reasons.**

There is no dispute between the Parties relative to this Court's jurisdiction.

**6.     List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

Plaintiff amended his Complaint on February 6, 2023, to add Coach USA, Inc. as a defendant in this matter.

**7.     List anticipated interventions.**

None.

**8.     Describe class-action or collective-action issues.**

None.

**9.     State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The Parties have not yet made initial disclosures. The Parties will exchange initial disclosures within fourteen (14) days following the Scheduling Conference.

10. **Describe the proposed agreed discovery plan, including:**

   A. **Responses to all the matters raised in Rule 26(f), including any agreements reached concerning electronic discovery and any disputed issues relating to electronic discovery.**

   The Parties do not believe that any changes should be made to the limitations of discovery imposed by the Federal Rules of Civil Procedure. The Parties agree to accept service of discovery via email.

   B. **By and to whom the plaintiff anticipates it may send interrogatories.**

   To Defendant more than thirty (30) days prior to the close of discovery.

   C. **When and to whom the defendant anticipates it may send interrogatories.**

   To Plaintiff more than thirty (30) days prior to the close of discovery.

   D. **Of whom and by when the plaintiff anticipates taking oral depositions.**

   Plaintiff anticipates deposing fact and/or expert witnesses identified through the discovery process, before the discovery deadline.

   E. **Of whom and by when the defendant anticipates taking oral depositions.**

   Defendant anticipates taking the deposition of Plaintiff as the first deposition in this matter, prior to the discovery deadline. Additionally, Defendant may take depositions of other fact and/or expert witnesses identified through the discovery process, prior to the discovery deadline.

F.  **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

   Should experts be retained, Plaintiff anticipates designating and providing expert reports by August 15, 2024. Should Plaintiff retain an expert, Defendant anticipates designating and providing expert reports by September 15, 2024.

G.  **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

   Plaintiff anticipates deposing Defendant's experts, if any, after Defendant serves expert disclosures.

H.  **List expert depositions the opposing party anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

   Defendant anticipates deposing Plaintiff's experts, if any, shortly after Plaintiff serves expert disclosures.

I.  **In a case involving parties that are unincorporated entities, such as an LLC or LLP, state the citizenship of every member and file an affidavit or declaration setting out the citizenship of every member.**

   Not applicable.

11. **If the parties do not agree on a part of the discovery plan, describe the separate views and proposals of each party.**

   The Parties are agreed on the proposed discovery plan described herein, and respectfully submit Appendix 1, annexed hereto, setting forth agreed upon discovery deadlines for the Court's consideration.

**12.     Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**13.     State the date the planned discovery can reasonably be completed.**

The Parties believe they can complete discovery by December 2, 2024.

**14.     Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The Parties agree to consider resolution of the case once some necessary preliminary discovery is completed.

**15.     From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

The Parties are open to considering various alternative dispute resolution techniques but have not committed to a particular technique at this stage in the case. Initial discussions regarding pre-Complaint mediation were not successful.

**16.     Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

At this time, the parties do not agree to a trial before a magistrate judge.

**17.     State whether a jury demand has been made and if it was made on time.**

Plaintiff has made a jury demand.

**18.** **Specify the number of hours it will take to present the evidence in this case.**

At this time, the parties anticipate that it will take four (4) to five (5) days to present the evidence in this case.

**19.** **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None.

**20.** **List other pending motions.**

None.

**21.** **List issues or matters, including discovery, that should be addressed at the conference.**

It is respectfully submitted that the Parties have agreed upon a Joint Proposed Discovery Schedule, attached as Appendix 1, and will evaluate the need for a Joint Stipulated Protective Order as they prepare to exchange written discovery. Should either party believe that a Joint Stipulated Protective Order is necessary, the Parties agree to work collaboratively to present one to the Court.

**22.** **Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

Mr. Clayton filed his Disclosure of Interested Persons on November 28, 2023.

Kerrville filed its Disclosure of Interested Persons on January 16, 2024.

**23.** **List the names, bar numbers, addresses and telephone numbers, and e-mails of all counsel and unrepresented parties.**

Terrence B. Robinson, Lead Attorney (Fed. Bar No. 14218)
TB ROBINSON LAW GROUP, PLLC
7500 San Felipe Street, Suite 800
Houston, Texas 77063
Tel.: (713) 568-1723
Email: TRobinson@TBRobinsonlaw.com
*Attorneys for Plaintiff*

Claudia Casas (Fed. Bar No. 3573914)
TB ROBINSON LAW GROUP, PLLC
7500 San Felipe Street, Suite 800
Houston, Texas 77063
Tel.: (713) 568-1723)
Email: CCasas@TBRobinsonlaw.com
*Attorneys for Plaintiff*

Grace M. Haidar, Lead Attorney (Bar No. 24125964)
K&L GATES LLP
609 Main Street, Suite 4150
Houston, Texas 7702
Tel.: (713) 815-7353
Email: grace.haidar@klgates.com
*Attorneys for Defendant Kerrville Bus Company, Inc.*

David J. Garraux (*admitted pro hac vice*)
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222-2613
Tel.: (412) 355-6580
Email: david.garraux@klgates.com
*Attorneys for Defendant Kerrville Bus Company, Inc.*

Cecilia Rose Ehresman (*admitted pro hac vice*)
K&L GATES LLP
134 Meeting Street, Suite 500
Charleston, SC 29401
Tel.: (718) 309-1243
Email: cecilia.ehresman@klgates.com
*Attorneys for Defendant Kerrville Bus Company, Inc.*

Respectfully submitted on February 13, 2024:

/s/ Terrence B. Robinson

Terrence B. Robinson, Lead Attorney
(Fed. Bar No. 14218)
TB ROBINSON LAW GROUP, PLLC
7500 San Felipe Street, Suite 800
Houston, Texas 77063
Tel.: (713) 568-1723
Email: TRobinson@TBRobinsonlaw.com
*Attorneys for Plaintiff*

/s/ Grace M. Haidar

Grace M. Haidar, Lead Attorney
(Bar No. 24125964)
K&L GATES LLP
609 Main Street, Suite 4150
Houston, Texas 7702
Tel.: (713) 815-7353
Email: grace.haidar@klgates.com
*Attorneys for Defendant
Kerrville Bus Company, Inc.*