IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ISIAH CLAYTON, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No.: 4:23-CV-04251 |
| § | |
| KERRVILLE BUS COMPANY and § | |
| COACH USA, § | |
| § | |
| Defendants. § | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants, Kerrville Bus Company, Inc. (incorrectly named herein as "Kerrville Bus Company") ("**Kerrville**") and Coach USA, Inc. (incorrectly named herein as "Coach USA") ("**Coach USA**") (collectively, "**Defendants**"), by and through their undersigned counsel, hereby file the instant Answer and Affirmative Defenses to the First Amended Complaint (the "**Amended Complaint**") of Plaintiff, Isiah Clayton ("**Plaintiff**"). Defendants deny each and every allegation not specifically admitted herein.

### I.  NATURE OF CLAIMS

1. Admitted in part; denied in part. It is admitted only that Plaintiff contends that "[t]his action is filed under Title VII of the Civil Rights Act of 1964 ("**Title VII**"), as amended." The remaining averments within Paragraph 1 of the

1

Amended Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied. By way of further response, it is specifically denied that (i) Defendants engaged in any "unlawful employment practices" toward Plaintiff, and that (ii) Plaintiff engaged in any "protected complaints," as alleged in Paragraph 1 of the Amended Complaint.

2. Admitted in part; denied in part. It is admitted only that Plaintiff contends that "[t]his action is also brought under 42 U.S.C. § 1981 ("**Section 1981**")." The remaining averments within Paragraph 2 of the Amended Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied. By way of further response, it is specifically denied that (i) Defendants engaged in "discrimination on the basis of Plaintiff's race and retaliation due to his protected complaints" and that (ii) Plaintiff engaged in any "protected complaints," as alleged in Paragraph 2 of the Amended Complaint.

3. Admitted in part, denied in part. It is admitted only that Plaintiff purports to "seek[] equitable relief, back and future pay, lost benefits, reinstatement, liquidated, compensatory and punitive damages." The remaining averments within Paragraph 3 of the Amended Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied. By way of further response, it is specifically denied that (i)

Defendants engaged in any unlawful conduct toward Plaintiff, (ii) Plaintiff is entitled to any form of relief whatsoever; and (iii) Plaintiff was employed by Coach USA.

## II.   JURISDICTION AND VENUE

4. Admitted in part; denied in part. It is admitted only that Plaintiff contends that this matter "arises under federal question." The remaining averments within Paragraph 4 of the Amended Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied.

5. Admitted in part; denied in part. It is admitted only that: (i) Plaintiff contends that "[v]enue is proper in this district pursuant to 28 U.S.C. §§ 1331 and 1391 (b);" and (ii) Kerrville operates a business location in Houston, Texas. The remaining averments within Paragraph 5 of the Amended Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied.

## III.   THE PARTIES

6. Admitted in part; denied in part. It is admitted only that: (i) Plaintiff is a former employee of Kerrville; and (ii) upon information and belief, Plaintiff identifies as "African American" and is a citizen of the United States. Defendants deny that Plaintiff was employed by Coach USA. Defendants are without knowledge

or information sufficient to form a belief as to the truth of any remaining averments within Paragraph 6 of the Amended Complaint and, therefore, deny same.

7. Admitted in part; denied in part. It is admitted only that Coach USA's affiliates and subsidiaries provide ground transportation throughout the United States. The remaining averments within Paragraph 7 of the Amended Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied.

8. Admitted in part; denied in part. It is admitted only that: (i) Coach USA lists as its registered agent for service: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle, Delaware; and (ii) conducts business in, among other locations, Harris County, Texas. The remaining averments within Paragraph 8 of the Amended Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied.

9. Admitted in part; denied in part. It is admitted only that Kerrville: (i) is a wholly-owned subsidiary of Coach USA; (ii) operates a business location in Harris County, Texas; and (iii) lists as its registered agent for service: CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201. The remaining averments in Paragraph 9 of the Amended Complaint state conclusions of law to which no

response is required and, therefore, are denied; to the extent they are deemed factual, they are denied.

10. Admitted in part; denied in part. It is admitted only that (i) Plaintiff was most recently employed by Kerrville at the address identified in Paragraph 9 of the Amended Complaint, and (ii) one of the facilities at which Plaintiff performed work for Kerrville was located at 1800 Delano Street, Houston, Texas 77003 (the "**Houston Location**"). To the extent that the remaining averments within Paragraph 10 of the Amended Complaint state conclusions of law, no response is required, and the averments are, therefore, denied. Any remaining averments within Paragraph 10 of the Amended Complaint are denied.

11. Admitted in part; denied in part. The averments within Paragraph 11 of the Amended Complaint state conclusions of law to which no response is required and, therefore, are denied. To the extent they are deemed factual, Defendants admits only that they each respectively employ fifteen (15) or more employees. Any remaining averments within Paragraph 11 of the Amended Complaint are denied.

### IV.   CONDITIONS PRECEDENT

12. Admitted in part; denied in part. It is admitted only that (i) Plaintiff filed a Charge of Discrimination against Defendants with the United States Equal Employment Opportunity Commission (the "**EEOC**") on January 24, 2023 (EEOC Charge No. 460-2023-02586), and (ii) the EEOC ultimately issued a Notice of Right

to Sue letter. The remaining averments within Paragraph 12 of the Amended Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied.

## V. BACKGROUND AND FACTS

13. Defendants re-allege and incorporate by reference their responses to each of the allegations set forth above as if stated verbatim and in full herein.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied. The averments of Paragraph 22 of the Amended Complaint purport to refer to the content of an email which speaks for itself and, therefore, the averments are denied. Any remaining averments within Paragraph 22 of the Amended Complaint are denied.

23. Denied. The averments of Paragraph 23 of the Amended Complaint purport to refer to the content of an email which speaks for itself and, therefore, the

averments are denied. Any remaining averments within Paragraph 23 of the Amended Complaint are denied.

 24. Denied.

 25. Denied.

 26. Denied.

 27. Denied.

 28. Denied.

 29. Denied. The averments of Paragraph 29 of the Amended Complaint purport to refer to the content of an email which speaks for itself and, therefore, the averments are denied. Any remaining averments within Paragraph 29 of the Amended Complaint are denied.

 30. Denied. The averments of Paragraph 30 of the Amended Complaint purport to refer to the content of several emails which speak for themselves and, therefore, the averments are denied. Any remaining averments within Paragraph 30 of the Amended Complaint are denied.

 31. Denied.

## VI. <u>FIRST CAUSE OF ACTION: TITLE VII DISCRIMINATION BASED ON RACE</u>

 32. Defendants re-allege and incorporate by reference their responses to each of the allegations set forth above as if stated verbatim and in full herein.

33. Admitted in part; denied in part. Upon information and belief, Plaintiff identifies as African American. Any remaining averments within Paragraph 33 of the Amended Complaint state conclusions of law to which no response is required and, therefore, are denied.

34. Denied. The averments within Paragraph 34 of the Amended Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied. By way of further response, it is specifically denied that Plaintiff was employed by Coach USA.

35. Denied. The averments within Paragraph 35 of the Amended Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied. By way of further response, it is specifically denied that Plaintiff was employed by Coach USA.

36. Denied. By way of further response, it is specifically denied that Plaintiff was employed by Coach USA.

37. Denied. The averments within Paragraph 37 of the Amended Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied. By way of further response, it is specifically denied that Plaintiff was employed by Coach USA.

38. Denied. The averments within Paragraph 38 of the Amended Complaint state conclusions of law to which no response is required and, therefore, are denied;

to the extent they are deemed factual, they are denied. By way of further response, it is specifically denied that Plaintiff was employed by Coach USA.

### VII. SECOND CAUSE OF ACTION: §1981 RACIAL DISCRIMINATION

39. Defendants re-allege and incorporate by reference their responses to each of the allegations set forth above as if stated verbatim and in full herein.

40. Denied. The averments within Paragraph 40 of the Amended Complaint state conclusions of law to which no response is required and, therefore are denied.

41. Denied. The averments within Paragraph 41 of the Amended Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied. By way of further response, it is specifically denied that Plaintiff was employed by Coach USA.

42. Denied. The averments within Paragraph 42 of the Amended Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied. By way of further response, it is specifically denied that Plaintiff was employed by Coach USA.

43. Denied. It is specifically denied that Defendants engaged in any unlawful practices toward Plaintiff. By way of further response, it is specifically denied that Plaintiff was employed by Coach USA.

44. Denied. By way of further response, it is specifically denied that Plaintiff was employed by Coach USA.

45. Denied. The averments within Paragraph 45 of the Amended Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied. By way of further response, it is specifically denied that Plaintiff was employed by Coach USA.

46. Denied. It is specifically denied that Defendants engaged in any unlawful practices toward Plaintiff. By way of further response, it is specifically denied that Plaintiff was employed by Coach USA.

## VIII. THIRD CAUSE OF ACTION; TITLE VII RETALIATION

47. Defendants re-allege and incorporate by reference their responses to each of the allegations set forth above as if stated verbatim and in full herein.

48. Denied. The averments in Paragraph 48 of the Amended Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied. By way of further response, it is specifically denied that Plaintiff was employed by Coach USA.

49. Denied. By way of further response, it is specifically denied that Plaintiff was employed by Coach USA.

50. Denied. The averments in Paragraph 50 of the Amended Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied. By way of further response, it is specifically denied that Plaintiff was employed by Coach USA.

## IX. FOURTH CAUSE OF ACTION: SECTION 1981 RETALIATION

51. Defendants re-allege and incorporate by reference their responses to each of the allegations set forth above as if stated verbatim and in full herein.

52. Denied. The averments in Paragraph 52 of the Amended Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied. By way of further response, it is specifically denied that: (i) Defendants engaged in any unlawful practices toward Plaintiff, and (ii) Plaintiff was employed by Coach USA.

53. Denied. By way of further response, it is specifically denied that Plaintiff was employed by Coach USA.

54. Denied. The averments in Paragraph 54 of the Amended Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied. By way of further response, it is specifically denied that Plaintiff was employed by Coach USA.

## X. DAMAGES

55. Denied. The averments in Paragraph 55 of the Amended Complaint state conclusions of law to which no response is required and, therefore, are denied;

to the extent they are deemed factual, they are denied. It is specifically denied that Plaintiff is entitled to any form of relief whatsoever.

56. Denied. It is specifically denied that Plaintiff is entitled to any form of relief whatsoever.

## XI.   PUNITIVE DAMAGES

57. Denied. It is specifically denied that Defendants engaged in any unlawful conduct toward Plaintiff, are otherwise liable to Plaintiff, or that Plaintiff is entitled to any form of relief whatsoever, including the imposition of punitive damages.

## XII.   JURY DEMAND

58. Admitted in part; denied in part. It is admitted only that Plaintiff contends to "demand a jury on all issues to be tried in this matter." Defendants deny knowledge or information sufficient to form a belief as to any remaining averments in Paragraph 58 of the Amended Complaint and, therefore, deny same.

## XIII.   PRAYER

59. Denied. The averments within Paragraph 59 of the Amended Complaint and its subparagraphs (a) – (k) reflect a prayer for relief and state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied. It is specifically denied that Plaintiff is entitled to any form of relief whatsoever.

To the extent that a further response is deemed necessary, Defendants deny any and all liability, pray that Plaintiff's Amended Complaint be dismissed with prejudice and that the Court enter judgment in Defendants' favor on all Counts of the Amended Complaint, that Defendants be awarded their costs and expenses in defending this action, including attorneys' fees, and for such other relief as the Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendants assert the following Affirmative Defenses to Plaintiff's Amended Complaint without assuming the burden of proof of any issues as to which the burden of proof is on Plaintiff under applicable law:

### **First Affirmative Defense**

The Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### **Second Affirmative Defense**

Plaintiff's claims, or certain of them, are barred by the applicable statute of limitations.

### **Third Affirmative Defense**

Plaintiff is estopped and barred by Plaintiff's own conduct from requesting the relief set forth in the Amended Complaint.

### **Fourth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### **Fifth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches and waiver.

### **Sixth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to invoke or exhaust available complaint, investigation, dispute resolution, arbitration, appeal, protest, and/or other prerequisites to suit.

### **Seventh Affirmative Defense**

Defendants have made good faith efforts to prevent discrimination and harassment in the workforce, and exercised reasonable care to prevent and correct promptly any unlawful behavior.

### **Eighth Affirmative Defense**

Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants to avoid harm or otherwise.

### Ninth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because any damages suffered by Plaintiff were the result of acts or omissions of parties over which Defendants had no control or circumstances over which Defendants had no control.

### Tenth Affirmative Defense

Any and all actions taken by Defendants, if any, with respect to Plaintiff's employment or terms and conditions thereof, were based upon legitimate, non-discriminatory and non-retaliatory business reasons, were taken without regard to race or any purported engagement in protected activity, and were not pretextual.

### Eleventh Affirmative Defense

Plaintiff's claims and/or damages are barred on the grounds that, even if any decision concerning Plaintiff was based, in part, on grounds of unlawful discrimination or retaliation, which is not the case, Defendants would have reached the same decision, absent any alleged discrimination or retaliation.

### Twelfth Affirmative Defense

If Plaintiff suffered any of the injuries, losses, and damages alleged in the Amended Complaint, then said injuries, losses, and damages were a direct and proximate result of Plaintiff's own negligence or contributory conduct.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred inasmuch as, if Plaintiff were to prevail in the above-captioned matter, Plaintiff would be unjustly enriched.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any damages as a result of any act or omission taken by Defendants.

### Fifteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to the damages sought in the Amended Complaint.

### Sixteenth Affirmative Defense

Plaintiff fails to allege facts sufficient to allow the recovery of punitive damages from Defendants. Further, Plaintiff is not entitled to recover the punitive damages alleged in the Amended Complaint because such an award would violate Defendants' rights under the Constitution of the United States of America and the Constitution of the State of Texas.

### Seventeenth Affirmative Defense

Plaintiff's damages, if any, are barred, in whole or in part, to the extent that Plaintiff failed to mitigate Plaintiff's damages.

## Eighteenth Affirmative Defense

Plaintiff's claims are baseless and without merit or legal foundation and, as a result, Defendants are entitled to recover their reasonable attorneys' fees and costs incurred herein.

## Nineteenth Affirmative Defense

If any of Defendants' respective employees engaged in any wrongful acts toward Plaintiff, said acts were outside the scope of the employee's employment with Defendants and were independent, intervening, and unforeseeable acts that were not ratified, confirmed or approved by Defendants and, therefore, cannot be attributed to or imputed to Defendants.

## Twentieth Affirmative Defense

No penalty or liability under applicable law is appropriate because, at all relevant times, Defendants did not willfully, knowingly, or intentionally fail to comply with any provision(s) of applicable law, but rather acted in good faith and had reasonable grounds for believing that they had not violated any provision(s) of applicable laws.

## Reservation

Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available during discovery proceedings in this case

and hereby reserve their right to amend their Answer, and/or to otherwise assert such defenses.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Defendants deny all liability to Plaintiff and demand judgment in their favor, and against Plaintiff, together with interest, costs, attorneys' fees and such further relief as the Court deems just and proper.

Dated:  February 20, 2024　　　　　　Respectfully Submitted,

/s/ *Grace M. Haidar*
Grace M. Haidar, Lead Attorney
K&L Gates LLP
609 Main Street, Suite 4150
Houston, Texas 7702
Tel.: (713) 815-7353
Fax: (713) 815-7301
Email: grace.haidar@klgates.com

-and-

David J. Garraux
(*admitted pro hac vice)*
Cecilia Rose Ehresman
(*admitted pro hac vice*)
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222-2613
Tel.: (412) 355-6580
Fax.: (412) 355-6501
Email: david.garraux@klgates.com
Email: cecilia.ehresman@klgates.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was electronically filed with the Court and served through the CM-ECF system to all counsel of record registered to receive a Notice of Electronic Filing for this case on the 20th day of February, 2024.

      TB ROBINSON LAW GROUP, PLLC
      Attn.: Terrence B. Robinson, Esq.
      Attn: Claudia Casas, Esq.
      7500 San Felipe St., Suite 800
      Houston, Texas 77063
      Email: TRobinson@TBRobinsonlaw.com
      Email: CCasas@TBRobinsonlaw.com

                              /s/ *Grace M. Haidar*
                              Grace M. Haidar